David Campbell, Special J.,
delivered the opinion of the Court.
This case presents the following state of facts:
On the - day of December, 1865, there was, in the case of James H. Thomas and -— Johnson vs. William Cullom, a judgment .given in this Court against Sterling Ward and his surety on the appeal bond, upon affirmance of one rendered against him in the Chancery Court at Carthage. The Chancery Court at that place, on the -- day of-, 1865, in the dismissal of a bill exhibited therein, by James H. Thomas and-Johnson, against William Cullom, gave judgment against James H. Thomas, the principal, and Sterling Ward, Solomon Thomas, and Matthew Petrop, his sureties in the injunction bond which had been taken in the cause. In the decree dismissing his bill, James H. Thomas acquiesced, and so did two of his sureties, Solomon Thomas and Matthew Petrop, in the judgment against them, and thereupon, the injunction bond; but Sterling Ward, the other surety, .took an appeal in the nature of a writ of error, and brought up the case, as against him, to this Court. The case, as to him, ivas heard in this Court upon the appeal of himself, alone, the judgment of the Court below affirmed, and judgment given here against him and his surety for the appeal.
Now, Sterling Ward, who did so appeal, and bring *567 up tbe judgment of the Court below, as to himself, and the other sureties who did not appeal, but submitted to the judgment of the Court below, make their motion in this Court for judgment against their principal, James 'H. Thomas. The facts above stated are supposed to make a case in which this Court "has jurisdiction, on their motion, as sureties of James H. Thomas, to give judgment in their favor, against their principal.
The Code confers upon the Court, in which judgment is given against the surety, (sec. 3633,) jurisdiction, on-motion, to give judgment in his favor, against the principal. It also confers the like jurisdiction upon any Court, or J ustice of the Peace, having cognizance of the amount, (sec. 3632.) The motion for judgment may be joint or several, at the option of the sureties, (sec. 3621;) and the Courts have the general power to render such and so many judgments joint, separate and cross, as may be necessary to the right of the parties, (sec. 2974.)
In the case under consideration, there is no judgment in this Court against two of the sureties, who concur in the motion, (sec. 3633;) and, of course, there is; under the Code, no jurisdiction of their joint motion here. But .there was a joint judgment against all of them in the Court below, which was unappealed from by two of them, and is in full force as to them; and from which there was an appeal in error by the. third, which was thereby suspended as to him, and in lieu of which a judgment in affirmance, has, in this Court, been given against him.
*568 There are three judgments in this Court, and in the Court below, against all the sureties, who now move for judgment here against their principal. These judgments would, perhaps, under sec. 3632' of the Code, if that section were applicable to this Court, and if there were no other obstacle in the way — furnish a sufficient foundation for the present motion; and if they did not, as the Courts have power to render joint or separate judgments, it would, under sec. 3633 of the Code — if that section were applicable to this Court, and there were nothing else in the way — furnish a sufficient foundation for a judgment of Sterling. Ward, alone, against the principal. But these sections of the Code, were, in our opinion, intended to apply to the inferior tribunals; and confer no power upon this Court to take cognizance -of a motion of a surety against his principal, for judgment.
The motions given by our Statutes, in favor of sureties, against their principal, are original actions; and cognizance of them can only be intended to be given, by the provisions of the Code, to Courts of original jurisdiction.
But, the position is taken, and urged in the brief, which has been submitted to the Court, that this is tca case in equity, as broadly before this Court as it was before the Chancellor.” In equity, the Court will do justice, and settle the rights of all the parties before it, not being restrained by technical rules. This is certainly a power the court of equity have always had, and existed before the formation of the Constitution of *569 1894, or any other Constitution, or even this Republic. The position is predicated upon a misconception of the state of the case.
The original cause of James H. Thomas and another vs. William Cullom, and the matters involved in that case between the original parties, are not, and never have been, before this Court. The only part of that case which has ever been before this Court, is the judgment of the Court below against Sterling Ward, as one of the sureties in the injunction bond, he having filed his petition, in that case, to he released therefrom as a surety thereto; and the Court below, having, upon the trial of that petition, in connection with the original case, decided the bond obligatory upon him, and given judgment against him jointly with the principal and other sureties; from which judgment, he, alone, appealed in error to this Court.
The question presented by his petition in the Court below, had no connection, whatever, with the matters involved in the original cause between the complainants and defendant. It was entirely a collateral question, depending, in no way, upon the decision of the matters involved in the original cause. It is true, that on a decision of the original cause against -the complainant, or upon the sustaining of a motion for the dissolution of an injunction, he had placed himself in a position, in which the Court had jurisdiction to render judgment against him, as a surety to an injunction bond; but this question was derived from the provisions of our Statutes, and not from any inherent jurisdiction of a Court of Chancery. The provisions of the other Stat *570 utes, too, gave the Court jurisdiction the moment judgment was given against him, on motion, either individually or jointly, with the other sureties, to give judgment in his favor, against the complainant, as principal. But this jurisdiction, also, was conferred by statutory provision, and not an inherent jurisdiction of the Court of Chancery.
Questions as to the jurisdiction of this Court, have several times, since the adoption of the Constitution of 1834, arisen and been adjudicated. The latest of these cases, to which the attention of the Court- has been called, is, that of The State vs. the Bank of East Tennessee: 5 Sneed, 593. A provision of the charter of the Bank, had authorized the Legislature, when of opinion that the Bank had violated its charter, to direct the issuance of a writ of. scire facias from the' Supreme Court, to show cause against the abrogation of its charter. The Legislature had, in pursuance of this provision, directed the Attorney General to cause a writ of scire facias to be issued from this Court, against the Bank; and the Attorney General had moved the Court to make an order for the issuance of the writ. Upon consideration of this motion, the Court denied that the' jurisdiction of the Court was appellate only; that the only case for which the Act of the Legislature had provided, was a case of original jurisdiction, and that the Legislature had, under the Constitution, no power to confer original jurisdiction on the Supreme Court: 5 Sneed, 432.
In the earlier case of Miller vs. Conley, the Court held, that the Acts- of 1829 and 1835, by which the *571 Chancellors of the. State were authorized to transfer causes to the Supreme Court, when such causes had "been continued two terms, on account of the incompetency of the Chancellor, was unconstitutional and void. “The last clause,” it is insisted, “covers.” Say the Court, referring to the clause, “it may possess such other jurisdiction as is now conferred by law upon the present Supreme Court.” The case before us, as by the Act of 1829, the old Supreme Court had jurisdiction in such cases. We do not understand the new Constitution to- refer to any such matters. It was evidently intended, by the emphatic words employed — “appellate only” — to confine the clause which apparently extends the jurisdiction to such powers, as though not appellate, as were absolutely necessary in carrying out and completing the jurisdiction given— such as forfeited recognizances, failure of officers to return process, or false returns, motions against them, etc., etc.
In all these cases, important questions might arise, and new juries be required; so that there is scope enough for that clause, without extending it to the Act of 1829, by which original jurisdiction would be taken of original and primary suits between the parties. It was intended, in all controversies between parties, that they should have the advantage of two tribunals — the Court established by the Legislature, and then, by appeal, to the Court of last resort — the Court established by the Constitution. In the still earlier case of Waters vs. Lewis, 9 Yer., 15, the Court decided, that it had no jurisdiction of a motion of one *572 co-security for judgment against another, where judgment had been given against him in the Supreme Court. The result of these decisions are these :
1. That the Legislature has no power to confer upon the Supreme Court, original jurisdiction in any case.
2. That the latter clause of the second section of the sixth article of the Constitution, was not even intended to give the Legislature the power to confer upon the Court original jurisdiction of those cases, of which it had such jurisdiction in 1834; but was designed to confine the clause to such powers, as, though not appellate, were absolutely necessary in carryi¡% out and completing the appellate jurisdiction, given by thé first clause.,- of the second section.
And, 3d. That the Court has no jurisdiction of a motion of one oo-security for judgment against another. The provisions of the Code are in strict accordance with’ the results of these decisions’. “The Court has,” it declares, “no original jurisdiction” “Appeals and writs of error, or other proceedings for the correction of errors, lie from the inferior Courts of law and equity:” Code, 4496. It may re-commit offenders in State cases, and remand them to the inferior Court, from which their cases were brought, taking recognizances from such defendants, when the offense charged is liable: Code, 4498. It may give judgment upon any and all bonds or recognizances, whether in civil or criminal cases, executed in the progress of the cause, under the general provisions of law, or by lawful order ©f the Court, either in the inferior Court or Supreme Court, and en *573 force the same by execution or otherwise, as in the case of other judgments and decrees of the Court: Code, 4499.
It may cause process of scire facias, in all such cases as is proper, and in similar cases in inferior Courts, to he issued; and, upon appearance of defendant, and issue of fact made thereon, may order a jury to he summoned forthwith, to determine the issue, and may give judgment thereon, as the inferior Courts of law might do in similar cases. The powers conferred, upon this Court, by the provisions of these sections, 4498, 4499, and 5000, are the powers incident to its appellate jurisdiction of this Court, and absolutely necessary in carrying out and completing that jurisdiction, and were possessed by it when the Constitution of 1834 was adopted. The sections create and confer no original jurisdiction upon the Court. The thing this Court is now ashed to do, is not an incident of its appellate jurisdiction, in the case of James H. Thomas et al. vs. William Cullom. That case has passed into judgment, and is finished. The thing now urged to be done, is a distinct, independent, collateral thing. It is not to render judgment upon a bond, taken in the progress of that cause; but to give a judgment based, either upon the judgment given in that cause in the Court below, or upon the judgment given here, in the part of that case brought up to this Court.
The provisions of the law have conferred Upon this Court no jurisdiction to give Such a judgment; and* this Court must, therefore, overrule the motion made. Its ac *574 tion, in so doing, cannot, as has been suggested, inflict any injury, or even enforce a hardship upon the parties.
The Court in which the original judgment was given against them, has jurisdiction to give in their favor the judgment they seek, and so has any other Court of original jurisdiction, for the amount, in the State.